UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 8:02-cr-448-T-26

IBISISA MOLEILK SMITH
_____/

**O R D E R**

Defendant, through counsel, has filed a motion seeking the reduction of his sentence pursuant to the First Step Act of 2018 and requesting that the Court direct the United States Probation Office to issue a memorandum with regard to Defendant's eligibility for such a sentence reduction. After a careful review of Defendant's motion, together with the procedural history of this case, the Court concludes that the motion is due to be denied without the necessity of an eligibility memorandum or a response from the Government.

Defendant pleaded guilty pursuant to a written plea agreement to count one of the indictment charging him and nine other defendants with conspiracy to possess with intent to distribute five (5) kilograms or more of cocaine and fifty (50) grams or more of cocaine base.[1] In the factual basis of his plea agreement, Defendant admitted that "over the years, the Defendant purchased and redistributed over 150 kilograms of cocaine" and that "[t]he

---

[1] See dockets 3 and 139.

amount of cocaine base distributed by the Defendant during the period of the conspiracy greatly exceeded 1.5 kilograms."[2] The United States Probation Office, in advance of Defendant's sentencing, fixed Defendant's total offense level at 41 and his criminal category at IV, thereby yielding a guideline sentencing range of 360 months to life.[3] Defendant's base offense level of 38 was based on the fact that he was held accountable for 150 kilograms of cocaine and 1.5 kilograms of cocaine base pursuant to U.S.S.G. § 2D1.1(c)(1).[4] Defendant did not object to that assessment.[5] Consequently, those facts are deemed admitted. See United States v. Shelton, 400 F.3d 1325, 1330 (11th Cir. 2005). At sentencing, the Court granted the Government's motion based on substantial assistance and departed five levels to a level 37 and imposed a term of imprisonment of 292 months.[6]

Defendant later sought relief from his term of imprisonment after the implementation of Amendment 706 to the United States Sentencing Guidelines which retroactively reduced the base offense level for cocaine base offenses.[7] The Court denied the motion because Defendant's base offense level remained at 38 in light of the amount

---

[2] See docket 104, page 16.

[3] See docket 493, pages 21, 27, and 31.

[4] See id., page 21.

[5] See id., page 34.

[6] See dockets 194, 203, 204 and 396, page 14.

[7] See docket 326.

of powder cocaine for which he was held accountable.[8]  The Eleventh Circuit Court of Appeals affirmed the denial observing that "if a defendant is responsible for at least 150 kilograms of powder cocaine, Amendment 706 does not reduce his applicable guideline range and he is ineligible for a sentence reduction under [28] U.S.C. § 3582(c)(2)." United States v. Smith, 352 F. App'x 403, 404 (11th Cir. 2009) (unpublished).

      This same rationale applies to undermine Defendant's effort to have his sentence reduced based on the Fair Sentencing Act.  Even if his sentencing exposure with regard to the amount of cocaine base for which he has been held responsible is mitigated under the Act, Defendant is still responsible for 150 kilograms of powder cocaine, thus rendering him ineligible for a sentencing reduction.  As one court has repeatedly observed in denying a motion for reduction of sentence under the Act within the same factual and procedural framework as Defendant's case presents, "[d]efendant's cocaine base conviction had no effect on his statutory range because he faced the same range on his conviction for cocaine." United States v. Bynum, 2019 WL 2266437, at *3 (D. S.C. May 29, 2019); see also United States v. Hinton, 2019 WL 2184859, at *3 (D. S.C. May 21, 2019) (same) and United States v. Walker, 2019 WL 2098256, at *3 (D. S.C. May 14, 2019) (same).[9]

---

    [8]  See docket 351.

    [9]  As in Defendant's case, each of these defendants pleaded guilty to a drug trafficking conspiracy involving both cocaine and cocaine base.

Accordingly, for the reasons expressed, Defendant's Motion for Sentence Reduction Under the First Step Act of 2018 and Request for the U. S. Probation Office to Issue Eligibility Memorandum (Dkt. 521) is denied.

**DONE AND ORDERED** at Tampa, Florida, on May 31, 2019.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

<u>COPIES FURNISHED TO</u>:
Counsel of Record